UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST MALLETY,

    Petitioner,

v.                                  Case No.  3:17cv730/MCR/CJK

U.S. DEPARTMENT OF JUSTICE, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition should be summarily dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate currently confined at the Federal Prison Camp in Pensacola, Florida, serving a sentence imposed by this court in *United States v. Ernest Mallety*, Case Number 3:10cr43-MCR-CJK-9.  (Doc. 1, p. 2).  In Case No. 3:10cr43, petitioner was convicted by jury verdict of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count 1),

conspiracy to use a cellular telephone to facilitate a drug offense (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). (Doc. 1, p. 2; *see also* Case No. 3:10cr43-MCR-CJK-9, Doc. 271). Petitioner was sentenced on June 16, 2011, to a total term of 235 months' imprisonment. (Case No. 3:10cr43-MCR-CJK-9, Doc. 420). Petitioner appealed, raising two issues: (1) the trial court erred in permitting certain testimony by Special Agent Sonya Bryant; and (2) the evidence was insufficient to support the firearm conviction. The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed petitioner's convictions and sentence. *United States v. Mallety*, 496 F. App'x 984 (11th Cir. 2012).

On February 11, 2014, petitioner filed a counseled motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming he was denied effective assistance of trial counsel when counsel failed to object to improper opinion testimony of Special Agent Bryant and when counsel failed to adequately explain to him the Sentencing Guidelines and the concept of "substantial assistance" so petitioner could make an informed decision whether to plead guilty or go to trial. (Doc. 1, p. 2; *see also* Case No. 3:10cr43-MCR-CJK-9, Doc. 519). On March 14, 2017, this court denied § 2255 relief. (*Id.*, Docs. 652, 653). Petitioner's motion for

a certificate of appealability is pending in the Eleventh Circuit. *See Mallety v. United State*, No. 17-12198-F (11th Cir. July 6, 2017).

Petitioner's present § 2241 petition challenges his firearm conviction on the grounds that (1) "[t]he jury instructions and evidence on the firearm count was inadequate" (doc. 1, Attach. A, p. 8 in ECF), and (2) in September 2017, petitioner's daughter went to the United States Courthouse in Gulfport, Mississippi, and requested "a copy of a search and seizure warrant, signed by Judge R. Roper on 3/16/2010", but was told the court did not have a copy or other record of that warrant. (*Id*., pp. 9, 14-15 in ECF and Letter of Katrina Mallety, Sept. 21, 2017). Petitioner also challenges the sentence on his drug conspiracy conviction on the ground that "the district court . . . erred in concluding that it was required to determine the applicable guideline range on Count 1 and then depart downward instead of varying from the guideline range based on the mandatory minimum sentence he would receive under 18 U.S.C. § 924(d)." (Doc. 1, Attach. A).

## DISCUSSION

Generally, the sole issue in a § 2241 action is the execution or carrying out of an initially valid confinement, as attacks on the validity of a conviction or sentence must be asserted on direct review or in a motion filed under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205 (1952); *McCarthan v. Dir. v. Goodwill*

*Indus. - Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence."), *petition for cert. docketed*, No. 17-85 (U.S. July 17, 2017); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."); *see also* 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner failed to seek, or was already denied relief on, a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "saving clause." *McCarthan*, 851 F.3d at 1081-82. "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir. 2013) ("Section 2255(e)'s language – 'shall not be entertained' – speaks 'in imperative terms

regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions." (alteration in original) (*citing Williams*, 713 F.3d at 1340)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner's claims attack the legality of his firearm conviction and drug conspiracy sentence. Petitioner nonetheless argues he satisfies the requirements of the saving clause and is entitled to bring his claims under § 2241, because:

> Movant can prove actual innocence on the existing record and, based on the discovery of new evidence, could not have effectively raised his claim of innocence at an earlier time. Movant's claim is based on retroactively applicable Supreme Court decisions which establish that he was convicted of a non-existent crime and circuit law squarely foreclosed such a claim at an earlier time.

(Doc. 1, p. 2 and Attach. A).

In *McCarthan*, the Eleventh Circuit, overruling prior circuit precedent, established a new test for determining when a prisoner can proceed under § 2241. *Id*. at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan* at 1099; *see also id*. at 1089 ("When a prisoner's motion attacks

his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The Eleventh Circuit recently summarized the new *McCarthan* test as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730. 730 (11th Cir. 2017), *petition for cert. filed*, No. 17-5686 (U.S. Aug. 22, 2017) (*citing McCarthan* at 1085-1088).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's challenges to the jury instructions and sufficiency of the evidence on his firearm conviction are direct appeal claims. Petitioner, in fact, raised a challenge to the sufficiency of the evidence in his direct appeal. Petitioner's sentencing claim is exactly the kind of claim that a motion to vacate is designed to remedy. That circuit precedent previously foreclosed the claim did not prevent petitioner from testing the legality of his detention using § 2255. *See McCarthan* at

1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."). Petitioner's newly discovered evidence claim likewise "falls squarely within § 2255's ambit." *Harris v. Warden*, 801 F.3d 1321, 1324 (11th Cir. 2015) (holding that federal prisoner's newly discovered evidence claim – that newly discovered evidence demonstrated the testimony offered against him at trial was known perjury suborned by the prosecutors and trial judge – "falls squarely within § 2255's ambit.") (*citing* 28 U.S.C. § 2255(h)(1)(allowing a court to consider the merits of a second or successive § 2255 motion if the movant presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,")); *see also, e.g., United States v. Terrell*, 141 F. App'x 849, 852 (11th Cir. 2005) (holding that prisoner's motion to reopen and amend his initial § 2255 motion – filed after the initial § 2255 motion was denied by the district court but pending on appeal – was properly construed as a second or successive § 2255 motion). Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of October, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.